648 A.2d 529

COMMONWEALTH of Pennsylvania, Appellant,

v.

Donald YARGER, Appellee.

Supreme Court of Pennsylvania.

Submitted March 2, 1994.

Decided Oct. 5, 1994.

---

330

Kenneth A. Osokow, Dist. Atty., for appellant.

Peter T. Campana, Williamsport, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

The Commonwealth appeals from the Order of the Superior Court which vacated the sentence of Donald Yarger, Appellee, and remanded to the Court of Common Pleas. Appellee was convicted by a jury of driving under the influence with a blood alcohol content in excess of 0.10%, pursuant to 75 Pa.C.S. § 3731(a)(4),[1] and sentenced to a term of imprisonment of forty-eight hours to twelve months. We granted allocatur to determine whether our holdings in *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992), require that the Commonwealth present expert testimony to establish that a driver operated a vehicle with a blood alcohol content of 0.10% or greater. For the reasons that follow, we reverse.

On November 25, 1989, Clinton Township Police Officer Rudinski observed Appellee driving at a speed of 70.1 miles per hour in a 55 mile per hour zone. Upon stopping Appellee, Officer Rudinski detected the odor of alcohol. He subsequently conducted a series of coordination tests and a portable breath test which produced a reading of 0.16% blood alcohol content. Appellee was arrested and taken to the hospital so that blood could be withdrawn for a blood alcohol test.

While at the hospital, Appellee was again informed that he was under arrest and that his driver's license would be suspended for one year if he refused to submit to a blood test. Thereafter, Appellee signed a consent form and blood was drawn. The test results indicated that Appellee's blood alcohol content was 0.18%.

In the Court of Common Pleas, Appellee was found guilty of driving under the influence with a blood alcohol content of 0.10% or greater. *Commonwealth v. Yarger*, No. 90–10,395

---

1. 75 Pa.C.S. § 3731(a)(4) states:

   (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

   . . . .

   (4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater. . . .

C.D.1991 (C.P. Lycoming County filed March 1, 1991). The Superior Court vacated the judgment of sentence and ordered Appellee discharged "[b]ased upon the lack of any expert testimony relating the blood alcohol test results back to the relevant time period, and the lack of any expert testimony that [Appellee]'s blood alcohol content exceeded .10% while he was driving...." *Commonwealth v. Yarger*, No. 203 Harrisburg 1991, slip op. at 8, 424 Pa.Super. 651, 617 A.2d 394 (Table) (Pa.Super. filed Aug. 25, 1992).

In reaching its conclusion, the Superior Court relied on *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992). In both *Jarman* and *Modaffare*, we held that the evidence was insufficient to establish that the driver operated a motor vehicle *while* his blood alcohol content exceeded 0.10%. *Jarman*, 529 Pa. at 97, 601 A.2d at 1231; *Modaffare*, 529 Pa. at 106–07, 601 A.2d at 1236. Our rationale was based on the fact that the driver's blood alcohol content had not peaked at the time of his arrest and the fact that the difference between the blood alcohol content reading and the proscribed level was insignificant. *Id.*

In *Jarman* and *Modaffare*, the drivers were found guilty of violating 75 Pa.C.S. § 3731(a)(4). The issue in both cases concerned the sufficiency of the evidence necessary to sustain the convictions. The two drivers argued that the tests did not accurately reflect the content of alcohol in their blood at the time they were driving because of the amount of time which elapsed from the time they were operating their vehicles until the time hospital officials performed the blood test. In both instances, each driver's blood alcohol content only narrowly surpassed the 0.10% level—0.114% in *Jarman* and 0.108% in *Modaffare*.

In *Jarman*, the Commonwealth presented an expert witness who testified that the driver's blood alcohol level would probably still have been rising when the test was performed. 529 Pa. at 97, 601 A.2d at 1231. This opinion was based on the driver's testimony as to when he had finished his last drink.

*Id.* The expert further testified that if the driver's blood alcohol level was still rising at the time the test was administered his level at the time he was operating the motor vehicle was probably less than the proscribed level. *Id.* "[T]here was no evidence upon which the expert could offer an opinion as to whether appellant's blood alcohol level was in fact greater than or equal to 0.10% at the time of driving." *Id.* Accordingly, we found that the Commonwealth's expert witness "could not determine with any degree of clinical certainty . . . whether the level was in fact rising or falling at [the time the blood test was performed]. . . ." *Id.*

In *Modaffare,* the Commonwealth's expert testified on cross-examination "that the alcohol concentration may have peaked between the time of the accident and the time when the blood sample was drawn." 529 Pa. at 105, 601 A.2d at 1235. The expert "was not able to offer any opinion as to what the alcohol level was at the time of the accident." *Id.* Moreover, we found that "there was no evidence upon which the [expert] could offer an opinion as to whether [the driver's] blood alcohol level was greater than or equal to 0.10% at the time of the accident." *Id.*

In *Jarman* and *Modaffare,* we held that the Commonwealth did not prove beyond a reasonable doubt that either driver's blood alcohol content exceeded the proscribed limit while they operated their motor vehicles based on the lapse of at least one hour between the time when the drivers were operating their cars and the administration of the blood tests; the small amount by which the test results surpassed the proscribed level; and the testimony provided by the Commonwealth's expert witnesses that each driver's blood alcohol level may have been below 0.10% before the test was administered. *Jarman,* 529 Pa. at 97, 601 A.2d at 1231; *Modaffare,* 529 Pa. at 106–07, 601 A.2d at 1236. Therefore, the convictions could not be sustained.

This court stated in *Jarman* that "[i]n cases where test results show levels of alcohol significantly above 0.10% and where blood samples have been obtained soon after suspects have been stopped, there is a very strong inference that blood

alcohol levels were in the prohibited range while driving." 529 Pa. at 96, 601 A.2d at 1230–31. Here, Appellee's blood alcohol level was 0.18%, significantly above the 0.10% threshold. Additionally, the lapse of time between when Appellee was driving and when he submitted to the test was only forty minutes. These two factors strengthen the inference of Appellee's guilt and distinguish this case from *Jarman* and *Modaffare.*

Based upon the foregoing, we conclude that the Superior Court incorrectly applied both *Jarman* and *Modaffare* to this case. We therefore find that the Superior Court erred in vacating the judgment of sentence imposed for the conviction for driving under the influence, 75 Pa.C.S. § 3731(a)(4), and ordering Appellee discharged.

■ Having found that the facts of this case are distinguishable from *Jarman* and *Modaffare,* we now address the issue of whether expert testimony is required in such cases. For the reasons that follow, we hold that the Commonwealth is not required to present expert testimony to prove that a driver operated a vehicle with a blood alcohol content of 0.10% or greater.

Although the majority did not address the expert testimony issue in *Jarman* and *Modaffare,* Mr. Justice Cappy did address the issue in his dissent. According to Mr. Justice Cappy, "[o]nce the Commonwealth has introduced evidence to establish that the defendant's blood alcohol test registered at least .10 percent, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4)." *Commonwealth v. Jarman,* 529 Pa. 92, 98, 601 A.2d 1229, 1232 (1992) (Cappy, J., dissenting). At that point, a defendant would be permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence that the driver was driving while his blood alcohol level was above 0.10%. *Id.*

■ Upon consideration of this issue, we find no reason to require the Commonwealth to present an expert witness in these matters. We hold that once the Commonwealth has established that the driver's blood alcohol content reflects an

amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony.[2]

In an attempt to curtail deaths, injuries, and property damage resulting from alcohol related accidents, our legislature made it "unlawful to drive, operate or physically control the movement of any vehicle while the amount of alcohol by weight in the blood is 0.10% or greater." *Commonwealth v. Mikulan,* 504 Pa. 244, 249, 470 A.2d 1339, 1341 (1983). Further, it is widely accepted that people with a blood alcohol content of 0.10% should not be driving. *Id.*

As early as 1936, we held that operating a motor vehicle in this Commonwealth is a privilege and not a right. *Commonwealth v. Funk,* 323 Pa. 390, 395, 186 A. 65, 67–68 (1936). Considering the enactment of 75 Pa.C.S. § 3731(a)(4), its purpose, and the fact that driving in Pennsylvania is a privilege and not a right, we find it unnecessary to require the Commonwealth to present expert testimony in cases where the driver has failed to rebut the Commonwealth's *prima facie* evidence that his blood alcohol content was 0.10% while operating a motor vehicle. We agree with Mr. Justice Cappy's position that "a 'case-by-case' review of every conviction under the statute on the grounds alleged in [*Commonwealth v. Jarman*] will lead to a virtually unenforceable and unworkable law." *Jarman,* 529 Pa. at 100, 601 A.2d at 1233. If a driver believes that his blood alcohol level was below 0.10% while he was operating his vehicle, the driver will then be free to present an expert and rebut the Commonwealth's *prima facie* case.

---

**2.** We note that subsequent to the commencement of this case, the legislature amended 75 Pa.C.S. § 3731 by adding subsection (a)(5). *See* Act of December 18, 1992, P.L. 1411, No. 174, § 12 (codified as amended at 75 Pa.C.S. § 3731(a)(5)).

Accordingly, we reverse the Order of the Superior Court vacating the judgment of sentence and discharging Appellee and reinstate the Order of the Court of Common Pleas.

ZAPPALA, J., concurs in the result.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.