COMMONWEALTH of Pennsylvania,
Appellant,

v.

Larry Michael ALLBECK, Appellee.

Superior Court of Pennsylvania.

Submitted April 2, 1998.
Filed Aug. 10, 1998.

Patrick T. Barry, Asst. District Atty., Middleburg, for Com., appellant.

Stephen Becker, Public Defender, Middleburg, for appellee.

Before JOHNSON, STEVENS and OLSZEWSKI, JJ.

STEVENS, Judge:

This is an appeal from the order entered in the Court of Common Pleas of Snyder County granting Appellee's Motion in Limine to prohibit the introduction of Appellee's blood alcohol content ("BAC") as recorded by the "Intoxilyzer 5000." The Commonwealth argues that the lower court erred in ruling that a *prima facie* case under 75 Pa.C.S. § 3731(a)(4)[1] required, in this case, expert

---

1. Section 3731 states, in relevant part, as follows:

**§ 3731. Driving under influence of alcohol or controlled substance**
**(a) Offense defined.**-A person shall not drive, operate or be in actual physical control of the movement of any vehicle:
(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) while under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving;
(3) while under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving;

testimony to relate the test results back to the time at which Appellee drove. We reverse and remand.

Appellee was arrested and charged with, *inter alia*, driving with a blood alcohol level greater than 0.10%. The Commonwealth was prepared to support the charge with evidence that Appellee's BAC registered 0.151% approximately ninety minutes after he was driving. On April 13, 1996, at 1:53 a.m., two Pennsylvania State Troopers arrived at the scene of a reported disabled vehicle and found Appellee standing at the rear of a van. The state troopers observed apparent facial injuries on Appellee and also observed a strong odor of alcohol emanating from Appellee's breath. A preliminary breath test was administered to Appellee, and the result indicated legal intoxication. Appellee was then taken to a hospital for chemical testing, and blood was drawn at 3:24 a.m., resulting in a BAC of 0.151%.

Appellee first filed an unsuccessful Omnibus Pretrial Motion to suppress the BAC test for failure to obtain consent, and then signed a proposed guilty plea that the court rejected. As a last measure before trial, Appellee filed a Motion in Limine challenging the Commonwealth's offer of proof.

Appellee asserted that the Commonwealth's evidence was absent expert testimony to relate the BAC test back to the time Appellant drove and thus was legally insufficient as it would require a jury to speculate about whether Appellee possessed an impermissibly high blood alcohol level while he drove. In response, the Commonwealth denied that it had an obligation to produce an expert to answer a pretrial motion and relied on *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994), as holding that a BAC above 0.10% establishes a *prima facie* case under Section 3731(a)(4) without the need of expert relation back testimony. At the conclusion of argument, the trial court granted Appellee's Motion in Limine and cited *Commonwealth v. Shade*, 545 Pa. 347, 681 A.2d 710 (1996) as support.

On appeal, the Commonwealth argues that *Yarger* eliminated the need for expert rela-

tion back testimony whenever the Commonwealth is able to present evidence of a BAC of greater than 0.10%. In *Yarger*, the Supreme Court held that a conviction of driving under the influence with blood alcohol content of 0.10% or greater was sustained by evidence that the defendant's blood alcohol content was 0.18% forty minutes after defendant was driving. The Supreme Court held that the Commonwealth was not required to present expert testimony:

> "... We hold that once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony ..."

*Yarger*, 538 Pa. at 334, 335, 648 A.2d at 531 (footnote omitted). The Supreme Court then considered the legislative purpose and concluded:

> "... the fact that driving in Pennsylvania is a privilege and not a right, we find it unnecessary to require the Commonwealth to present expert testimony in cases where the driver has failed to rebut the Commonwealth's *prima facie* evidence that his blood alcohol content was 0.10% while operating a motor vehicle ..."

*Yarger*, 538 Pa. at 335, 648 A.2d at 531, 532.

■■■■ To establish a *prima facie* case that a crime has been committed, the Commonwealth must produce evidence that, if accepted as true, would warrant the trial judge to allow the case to go to the jury. *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991 (1983). While the Commonwealth need not prove the elements of the crime beyond a reasonable doubt at a preliminary hearing, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged lest the jury be left to

---

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater...

75 Pa.C.S.A. § 3731(a)(1)–(4) (footnote omitted).

speculate regarding an element. *Commonwealth v. Lopez*, 439 Pa.Super. 625, 654 A.2d 1150 (1995). Such speculation would impermissibly relieve the Commonwealth of its burden of proof. *Id.*

■ Under 75 Pa.C.S.A. § 3731 (a)(4), to establish a *prima facie* case the Commonwealth must offer evidence that the defendant drove while possessing a BAC greater than 0.10%. However, precisely what evidence suffices to make such a *prima facie* showing has been the subject of continuing appellate review.

*Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992) and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992) provide the baseline standard of review for courts addressing the issue of the legal sufficiency of evidence supporting a Section 3731(a)(4) charge. In those two cases, the Supreme Court reversed the judgments of sentence entered against two individuals convicted under Section 3731(a)(4) where their respective BACs were 0.114% one hour after driving and 0.108% taken one hour and fifty minutes after driving. The Supreme Court concluded that evidence of the BACs alone could not serve to convict, particularly where the Commonwealth experts testified that they could not assert beyond a reasonable doubt that, given defendants' slightly elevated levels taken over one hour after driving, the defendants' BACs were greater than .10% while they drove. The Supreme Court then instructed that the strength of an inference of guilt under the statute was directly proportional to the amount of the BAC, the brevity of the time lapse between the administration of the BAC test and the time of actual driving. No specific guide was offered, however, to indicate what combinations of BAC levels and time lapse would obviate the need for relation back evidence.

Several years later, in *Commonwealth v. Yarger*, *supra*, the Supreme Court applied the formula used in *Jarman* and *Modaffare* to measure the strength of an inference of a Section 3731(a)(4). Reasoning that the defendant's BAC of .18% taken forty-five minutes after driving offered a sufficiently strong inference to negate the need for relation back testimony, the Court reversed the Superior Court's vacating of the judgment of sentence. With such a finding, the Supreme Court could have disposed of the case at that point, but chose instead to put forth a holding meant to modify the *Jarman/Modaffare* model.

Adopting Justice Cappy's dissent in *Jarman*, the Court in *Yarger* reasoned that a "case-by-case review of every conviction under [Section 3731(a)(4)] on the grounds alleged in [*Commonwealth v. Jarman*] will lead to a virtually unenforceable and unworkable law," as was reflected in the disparate results reached by various trial courts. *Yarger*, 538 Pa. at 335, 648 A.2d at 532. As noted *supra*, the Supreme Court sought to inject more predictability and uniformity into adjudications under Section 3731(a)(4), and opined that "once the Commonwealth has introduced evidence to establish that the defendant's blood alcohol test registered at least .10 percent, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4)." *Yarger*, 538 Pa. at 334, 335, 648 A.2d at 531, *citing Commonwealth v. Jarman*, 529 Pa. 92, 98, 601 A.2d 1229, 1232 (1992) (Cappy, J., dissenting).

The Supreme Court had occasion to interpret its holding in *Yarger* and concluded that, in light of *Yarger*, the "Commonwealth is not required to present expert evidence of "relation back" in order to establish a *prima facie* case." *Commonwealth v. Loeper*, 541 Pa. 393, 403 n. 7, 663 A.2d 669, 674 n. 7 (1995). Therefore, the Supreme Court reasoned that evidence of a defendant's BAC of .141% obtained two hours after driving "alone would have been sufficient to sustain his conviction" had *Yarger* been the law at the time of trial.[2] *Id.* Therefore, we must review the record before us in light of the Supreme Court's holding in *Yarger*, as confirmed in *Loeper*, to determine whether evidence of Appellee's BAC, alone, made a *prima facie* case.

**2.** This Court, too, has recently stated that the expansive language in *Yarger's* holding "arguably...desired to relieve the Commonwealth from presenting expert relation back testimony in all DUI cases." *Commonwealth v. Montini*, 712 A.2d 761 (1998) (nonetheless stating that *Yarger* did not completely usurp the role of the *Jarman/Modaffare* formula).

■ *Yarger*'s clear intent was to reduce the amount of discretion afforded trial courts in prosecutions under Section 3731(a)(4) where evidence establishes a blood alcohol level significantly elevated above the legal limit. Here, Appellee's BAC, taken ninety minutes after driving, was .151 percent, greater than fifty percent over the legal limit. We must conclude, therefore, in light of the public policy considerations which are articulated in *Yarger, supra,* that evidence of such a significant deviation alone constituted a *prima facie* case and exempted the Commonwealth from presenting expert relation back testimony to present a legally sufficient case against Appellee.[3]

■ Moreover, we perceive no unconstitutional shift of the burden of proof. As the United States Supreme Court has stated:

The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require— the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. *In that situation the basic fact may constitute prima facie evidence of the elemental fact.* When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

*County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 2225, 60 L.Ed.2d 777, 792 (1979) (emphasis added) (citations omitted). Therefore, a *prima facie* case does not compel mandatory acceptance, and a factfinder would not be bound to find Appellee guilty simply on the basis of the *prima facie* evidence presented.

Even were we to apply the *Jarman/Modaffare* formula to the case *sub judice,* we must disagree with Appellee's contention that those two seminal cases and their immediate progeny compel affirmation of the decision below. Neither *Jarman* nor *Modaffare* was confined to the issue of what would constitute a *prima facie* case as the BAC evidence in each case barely surpassed the statutorily proscribed level, and the Commonwealth's own expert testimony adduced in those cases confirmed the inability of the Commonwealth to establish a Section 3731(a)(4) violation from such BAC evidence. Moreover, Appellee's citation of post *Jarman/Modaffare* cases in which our appellate courts reversed convictions under Section 3731(a)(4) despite test results similar to the results at bar must likewise undergo reassessment. The cases cited by Appellee not only were decided before *Yarger* modified the *Jarman/Modaffare* standard, but also presented the arbitrary results specifically discredited by *Yarger. Yarger* held that Section 3731 created a permissible inference of drunk driving every time a BAC evidence above .10%, but, at the very least, *Yarger* interpreted that law to require less of a *prima facie* case than what had been required by courts to that point. We find that Appellee's case is well within the confines of the law contemplated by *Yarger, supra.*

We are also compelled to differ with the order below since, we find, the trial court misapplied *Commonwealth v. Shade, supra.*[4] In *Shade,* the Supreme Court relied on *Loeper* to find that extrinsic evidence could not be used to convict under Section 3731(a)(4), and, as such, that evidence of BAC levels around .150% taken forty-five minutes after driving could not prove the charge beyond a reasonable doubt. *Shade,* 545 Pa. at 351, 681 A.2d at 712. Yet, as described above, *Loeper*

---

**3.** Any doubt regarding what constitutes a *prima facie* case under Section 3731 has been removed by 75 Pa.C.S. § 3731a.1, which states that the Commonwealth establishes a *prima facie* case under Section 3731(a)(4) once it produces evidence that the defendant's BAC was greater than 0.10%. Section 3731a.1 became effective several months after Appellee's arrest and was not made

specifically retroactive, therefore, we do not base our holding thereon.

**4.** Appellee seemingly abandons *Commonwealth v. Shade* as a legitimate basis for the ruling below, as his brief excludes both *Shade* and the lower court's rationale from his argument.

expressly recognized that *Yarger* had eliminated the need for the Commonwealth to present expert relation back testimony to establish a *prima facie* case. *Shade*, on the other hand, reserved comment regarding the requirements of a *prima facie* case.

In the instant case, there is nothing in the record to indicate that Appellee did rebut with expert testimony the *prima facie* evidence established by the Commonwealth against him. In fact, the record discloses that Appellee *stipulated* to a blood alcohol content of 0.151%, a level significantly above the legal limit. Therefore, *Yarger* is applicable to the facts of the within case, and we hold that Appellee's BAC, taken ninety minutes after driving, is sufficient to establish a *prima facie* case under § 3731(a)(4) *supra*. Since there is no expert testimony offered by Appellee to rebut the *prima facie* case, the trial court erred in granting the Motion in Limine.[5]

Reversed. Remanded for proceedings consistent with this decision. Jurisdiction relinquished.

---

5. Because we reverse the lower court on the issue of requiring expert testimony, we need not address the Commonwealth's argument that the Commonwealth has no obligation to produce an expert at a pre-trial hearing.