COMMONWEALTH of Pennsylvania, Appellee,

v.

Nathan M. MURRAY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 8, 1999.

Filed March 21, 2000.

514

James M. Flaherty, Cranberry, for appellant.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellee.

Before McEWEN, President Judge, and DEL SOLE, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, EAKIN, JOYCE and STEVENS, JJ.

EAKIN, J.:

¶ 1 Appellant was convicted of driving under the influence of alcohol (DUI) under 75 Pa.C.S. Section 3731(a)(4), and challenges the constitutionality of Section 3731(a.1). Finding the statute to be constitutional and the evidence sufficient, we affirm.

¶ 2 At approximately 2:08 a.m., on June 13, 1997, appellant was stopped by a police officer for making an illegal right turn at a red light. The officer smelled alcohol on appellant, who admitted he had two or three beers at a local tavern. When appellant failed field sobriety tests, the officer arrested him for DUI and took him to a hospital, where he consented to chemical testing of his blood. The 2:42 a.m. test revealed his blood alcohol content (BAC) was .14%. Appellant was charged with DUI under 75 Pa.C.S. Sections 3731(a)(1) and 3731(a)(4), which provide:

**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

\* \* \*

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater. . . .

75 Pa.C.S. § 3731(a)(1) and (4). Appellant was also charged with the summary offense of making a right turn at a red light where a sign prohibits such turn.[1] 75 Pa.C.S. § 3112(a)(3)(ii).

¶ 3 Following denial of his motion to suppress his statements and the BAC results, appellant proceeded to a jury trial. The Commonwealth introduced the BAC result into evidence through the testimony of Janice Lee Smith, a medical technologist who did not draw the blood and had no involvement in the testing process. In response to defense counsel's questioning, Ms. Smith said it was conceivable appellant's BAC may have been under .10% at the time he drove. Defense counsel then attempted to elicit Ms. Smith's opinion concerning appellant's BAC at the time he was driving, and the Commonwealth objected. The trial court sustained the objection, as Ms. Smith was not qualified to render such an opinion.

¶ 4 The trial court instructed the jury that since appellant's BAC was above .10% at the time of testing and the test was performed within three hours of driving, the jury was permitted to infer appellant's BAC was .10% or above at the time he was driving. This instruction was given pursu-

ant to 75 Pa.C.S. Section 3731(a.1), which provides:

**(a.1) Prima facie evidence.**—

(1) It is prima facie evidence that:

(i) an adult had .10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than .10% at the time a chemical test is performed on a sample of the person's breath, blood or urine;

\* \* \*

(2) For the purposes of this section, the chemical test of the sample of the person's breath, blood or urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.

75 Pa.C.S. § 3731(a.1)(1)–(2).

¶ 5 The jury convicted appellant under Section 3731(a)(4), and acquitted him under Section 3731(a)(1). Appellant appealed to this Court, challenging the constitutionality of Section 3731(a.1), both facially and as applied to him. A divided panel of this Court held Section 3731(a.1) unconstitutional for the same reasons the Supreme Court found the former Section 3731(a)(5) unconstitutional in *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996).[2] The case was reargued before this Court *en banc*, and we now address the following issues:

1) Is 75 Pa.C.S. Section 3731(a.1) unconstitutional on its face or as applied in this case?

---

1. He does not challenge this conviction on appeal.

2. Specifically, the panel majority deemed Section 3731(a.1) unconstitutional because it unnecessarily encompasses both lawful and unlawful conduct, fails to provide a reasonable

standard by which a person may gauge his conduct, encourages arbitrary and discriminatory enforcement, and fails to require proof the BAC exceeded the limit at the time of driving.

2) Was it error for the trial court to instruct the jury that it could find appellant guilty of driving while his BAC was .10% or greater?

¶ 6 In evaluating a constitutionality challenge,

[T]here is a strong presumption in the law that legislative enactments do not violate the constitution. Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. While penal statutes are to be strictly construed, the courts are not required to give the words of a criminal statute their narrowest meaning or disregard the evident legislative intent of the statute. A statute, therefore, will only be found unconstitutional if it "clearly, palpably and plainly" violates the constitution.

*Barud*, at 165 (citations omitted). Appellant argues Section 3731(a.1) is vague and overbroad. With respect to such claims, we note:

As generally stated, the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct.

A statute is "overbroad" if by its reach it punishes constitutionally protected activity as well as illegal activity.

*Id.* (citations omitted).

¶ 7 Section 3731(a)(4) was enacted in 1982, making it illegal to drive with a BAC of .10% or greater. This statute prohibits a specific BAC level *while* driving; testing necessarily takes place after driving, so in close cases the Commonwealth often presented expert "relation-back" testimony to establish what the BAC would have been at the time of driving. Appellate courts were then asked to determine whether such testimony is a prerequisite to conviction under Section 3731(a)(4).

¶ 8 In *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263 (1986), *appeal denied*, 517 Pa. 594, 535 A.2d 83 (1987), the defendant was charged under Section 3731(a)(4), having had a BAC of .12% two hours and forty-five minutes after he drove. This Court concluded the evidence was sufficient to support an (a)(4) conviction without relation-back testimony. In so holding, we emphasized that the legislature has provided a method whereby a defendant may challenge the reliability of BAC test results. *See* 75 Pa.C.S. § 1547. We further observed:

[S]ubsection 1547(h) of the Vehicle Code allows a defendant to introduce into evidence the results of an additional blood alcohol test performed by a physician of the defendant's own choosing. At trial, the results of a test, as indicative of [blood alcohol content] at a relevant point in time, may be attacked or contradicted by any competent evidence. The weight to be accorded test results then properly rests with the finder of fact. Accordingly, we hold that blood alcohol test results can—by themselves, without explanation by expert testimony—suffice to support a conviction under subsection 3731(a)(4) but that blood alcohol test results do not compel the trier of fact to find a defendant guilty of violating subsection 3731(a)(4) where there is competent evidence of record challenging said test results.

*Speights*, at 1267 (footnotes and citations omitted).

¶ 9 *Speights* was cited by this Court in *Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986), which held a BAC of .13% one hour and twenty-three minutes after driving was sufficient to sustain an (a)(4) conviction without any evidence relating the BAC back to the time of driving. The majority in *Slingerland* noted there was evidence the defendant had been drinking the entire evening, had not consumed a large quantity of alcohol im-

mediately before driving, and admitted he felt the effects of the alcohol while driving. In light of such evidence, we concluded the BAC test results were sufficient to support the verdict.

¶ 10 Two years later, a unanimous *en banc* panel of this Court reaffirmed the holdings of *Speights* and *Slingerland*, concluding we would "not overrule precedent nor invade the province of the legislature by creating a rule that imposes upon the Commonwealth a burden of relating blood alcohol content test results back to the time of the vehicular offense." *Commonwealth v. Boyd*, 373 Pa.Super. 298, 302, 541 A.2d 21, 23 (1988) (*en banc* ).

¶ 11 Thus, prior to 1992, BAC test results could support a conviction under (a)(4), without expert relation-back testimony; however, BAC results did not compel the trier of fact to find the defendant guilty if there was competent evidence challenging the results. In 1992, a divided majority of the Supreme Court departed from this interpretation of the law, stating that where the BAC test results barely exceeded the legal limit and the time between driving and test was significant, the inference of guilt was weakened. *See Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992); *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992).

¶ 12 The defendants in *Jarman* and *Modaffare* had respective BAC levels of .114% one hour after driving, and .108% one hour and fifty minutes after driving. In both cases, the Commonwealth's expert witness conceded on cross-examination that the BAC could have been less than .10% at the time of driving; this was interpreted to mean the expert could not offer an opinion whether the BAC exceeded .10% at the time of driving. The majority held that, given the significant time lapse between driving and testing, the small amount by which the test result exceeded the limit, and the "equivocal" relation-back testimony, the Commonwealth had not proven beyond a reasonable doubt that the BAC exceeded .10% at the time of driving. The

Court believed the evidence "left the jury free to engage in unbridled speculation" regarding the BAC at the critical time. *Jarman*, at 1231; *Modaffare*, at 1236. Therefore, the evidence was insufficient to convict either defendant under Subsection (a)(4).

¶ 13 The dissent in *Jarman* and *Modaffare* pointed out the majority had not directly addressed whether the Commonwealth *must* present relation-back testimony in these cases, and further stated:

> [O]nce the Commonwealth has introduced evidence to establish that the defendant's blood alcohol test registered at least .10 percent, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4).... I do not believe that the Commonwealth is required to present expert testimony to relate the test results back to the time of driving in order to prove its case. After the Commonwealth has introduced evidence to establish that the blood alcohol test met or exceeded the .10 percent threshold, the defendant would then be entitled to present expert testimony, if available, to rebut the Commonwealth's *prima facie* evidence that his blood alcohol level was at least .10 percent at the time he was operating a vehicle.

*Jarman*, at 1232 (Cappy, J., dissenting). This approach, the dissent noted, would take into the account the fact the Commonwealth could not compel a defendant to relate when he drank, how much he drank and when he had his last drink, because of the Fifth Amendment rights against self-incrimination; without such information, no expert could meaningfully extrapolate BAC to the time of driving. Conversely, if a defendant believed his BAC was below .10% at the time of driving, he could provide a sufficient factual basis to his own expert, to refute the Commonwealth's evidence. *Id.*, at 1232–33. Finally, the dissent expressed support for the reasoning of this Court in *Speights*, concluding this approach "provides the

most logical, fair and safe result." *Jarman*, at 1233.

¶ 14 In the wake of *Jarman* and *Modaffare*, courts decided the need for expert relation-back testimony on a case by case basis.[3] This resulted in considerable confusion and inconsistency, since the Supreme Court provided no bright line between "what it would consider to be a minimal upward departure suggesting a weak inference of guilt and what would constitute a significant upward deviation which would give rise to a strong inference of guilt." *Commonwealth v. Osborne*, 414 Pa.Super. 124, 128–30, 606 A.2d 529, 531 (1992), *appeal denied*, 531 Pa. 660, 613 A.2d 1209 (1992).

¶ 15 In response to this confusion, the legislature enacted Subsection (a)(5) of the DUI statute in 1992, permitting a conviction based on BAC test results alone, provided the test was conducted within three hours of driving. *See* former 75 Pa.C.S. § 3731(a)(5). However, this section was held void for unconstitutional vagueness, overbreadth, and creating an impermissible presumption of guilt: *Commonwealth v. Barud, supra.*

¶ 16 Two years prior to *Barud*, the Supreme Court revisited the issue of relation-back testimony in *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994), where the defendant had a BAC of .18% forty minutes after driving. This Court, relying on *Jarman* and *Modaffare*, held that without relation-back testimony, this evidence was insufficient to support an (a)(4) conviction. The Supreme Court reversed, noting Yarger's BAC was significantly above the legal limit and that the time between driving and testing was significantly less than in *Jarman* and *Modaffare*. Therefore, the Court concluded these cases did not apply to Yarger's case.

¶ 17 However, the Supreme Court went a step further. After distinguishing *Jarman* and *Modaffare*, the Court addressed the unanswered question of the need for relation-back testimony in (a)(4) cases, concluding "the Commonwealth [was] not required to present expert testimony to prove that a driver operated a vehicle with a blood alcohol content of 0.10% or greater." *Yarger*, at 531. Adopting the approach of the dissent in *Jarman* and *Modaffare*, the Court declared a case by case review of Subsection (a)(4) convictions to be unworkable:

> Although the majority did not address the expert testimony issue in *Jarman* and *Modaffare*, Mr. Justice Cappy did address the issue in his dissent. According to Mr. Justice Cappy, "[o]nce the Commonwealth has introduced evidence to establish that the defendant's blood alcohol test registered at least .10 percent, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4)." *Commonwealth v. Jarman*, 529 Pa. 92, 98, 601 A.2d 1229, 1232 (1992) (Cappy, J. dissenting). At that point, a defendant would be permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence that the driver was driving while his blood alcohol level was above 0.10%. *Id.* Upon consideration of this issue, we find no reason to require the Commonwealth to present an expert witness in these matters. We hold that once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth

---

**3.** *See, e.g., Commonwealth v. Shade*, 545 Pa. 347, 681 A.2d 710 (1996); *Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669 (1995); *Commonwealth v. Allbeck*, 715 A.2d 1213 (Pa.Super.1998), *appeal granted*, 560 Pa. 718, 745 A.2d 1217, 1999 Pa. LEXIS 3220 (1999); *Commonwealth v. Montini*, 712 A.2d 761 (Pa.Super.1998); *Commonwealth v. Phillips*, 700 A.2d 1281 (Pa.Super.1997); *Commonwealth v. Stith*, 434 Pa.Super. 501, 644 A.2d 193 (1994); *Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221 (1993), *appeal denied*, 535 Pa. 661, 634 A.2d 223 (1993); *Commonwealth v. Kasunic*, 423 Pa.Super. 112, 620 A.2d 525 (1993); *Commonwealth v. Mukina*, 422 Pa.Super. 455, 619 A.2d 766 (1993); *Commonwealth v. Osborne*, 414 Pa.Super. 124, 606 A.2d 529 (1992), *appeal denied*, 531 Pa. 660, 613 A.2d 1209 (1992).

has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony.

\* \* \*

...[W]e find it unnecessary to require the Commonwealth to present expert testimony in cases where the driver has failed to rebut the Commonwealth's *prima facie* evidence that his blood alcohol content was 0.10% while operating a motor vehicle. We agree with Mr. Justice Cappy's position that "a 'case-by-case' review of every conviction under the statute on the grounds alleged in [*Commonwealth v. Jarman* ] will lead to a virtually unenforceable and unworkable law." *Jarman*, 529 Pa. at 100, 601 A.2d at 1233. If a driver believes that his blood alcohol level was below 0.10% while he was operating his vehicle, the driver will then be free to present an expert and rebut the Commonwealth's *prima facie* case.

*Yarger*, at 531–32.

¶ 18 *Yarger*, however, has not been applied retroactively. In *Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669 (1995), the Supreme Court, applying *Jarman* and *Modaffare*, concluded that because Loeper's BAC did not represent a substantial departure from the legal limit, and there was a two-hour delay between driving and testing, the inference of guilt was too weak to support an (a)(4) conviction without relation-back evidence. However, the Court noted *Jarman* and *Modaffare* had been modified by *Yarger*, and reiterated the "Commonwealth is not required to present expert evidence of 'relation back' in order to establish a *prima facie* case." *Loeper*, at 674 n. 7. Accordingly, the Court noted, had *Yarger* and Subsection (a)(5) been the

law at the time of Loeper's trial, evidence of Loeper's .141% BAC two hours after driving would have been sufficient by itself to sustain his conviction under (a)(4). *Loeper*, at 674 n. 7. The Court acknowledged that, post-*Yarger*, evidence of a BAC equal to or above the legal limit was sufficient to establish a *prima facie* case; the defendant would then be permitted to present expert testimony in rebuttal. *Loeper*, at 674 n. 7.

¶ 19 In *Commonwealth v. Shade*, 545 Pa. 347, 681 A.2d 710 (1996), a divided Supreme Court applied *Jarman* and *Modaffare*, concluding the evidence was insufficient for an (a)(4) conviction, absent relation-back testimony. Although at the time of Shade's trial the law did not require relation-back evidence, (*see Speights*, *supra* ) *Jarman* and *Modaffare* became law during the pendency of Shade's post-trial motions; the court held Shade was entitled to the benefit of these cases. *Shade*, at 713 (Cappy, J., concurring). As in *Loeper*, had *Yarger* been retroactive, no relation-back evidence would have been required.

¶ 20 In 1996, the legislature amended Section 3731 to include Subsection (a.1), which applies to and modifies (a)(4). By providing the BAC at the time of testing is *prima facie* evidence of the BAC at the time of driving, Subsection (a.1) merely codified the Supreme Court's holding in *Yarger*: "once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4)." *Yarger*, at 531.

¶ 21 Appellant contends, however, that Subsection (a.1) is facially unconstitutional because the absence of a relation-back requirement permits conviction of drivers whose BAC was not above the legal limit at the time of driving. Appellant argues the statute violates due process, in that it allows the possibility of conviction for innocent conduct, does not provide a reason-

able standard whereby a person may gauge his conduct, and encourages arbitrary and discriminatory enforcement. He further contends the statute creates a presumption of guilt and impermissibly shifts the burden of proof to the accused, requiring him to negate an element (a BAC of .10% or higher at the time of driving) of the offense charged.

¶ 22 Appellant cites *Barud, supra,* and claims Subsection (a.1) contains the same unconstitutional flaws as (a)(5), which was held void for vagueness and overbreadth because it "eliminate[d] the requirement that the Commonwealth must establish that the accused actually exceeded the legal BAC limit at the time of actual operation of the vehicle," thereby "sweep[ing] unnecessarily broadly into activity which has not been declared unlawful in this Commonwealth, that is operating a motor vehicle with a BAC below .10%," and "...creat[ing] significant confusion as to exactly what level of alcohol in the blood is prohibited under the Motor Vehicle Code." *Barud,* at 166. Subsection (a)(5) imposed "absolute liability on the accused regardless of any evidence to the contrary. Thus, as enacted, the statute preclude[d] the admission of competent evidence that an accused's BAC was actually below the legal limit *at the time of driving.*" *Barud,* at 167 (footnote omitted).

■ ¶ 23 These concerns are not present in the new statute. Subsection (a.1) does not impose absolute liability, but rather creates a common sense permissive evidentiary inference based upon the BAC, if the testing occurred within three hours of driving. The use of permissive evidentiary inferences was discussed in *Commonwealth v. Allbeck,* 715 A.2d 1213 (Pa.Super.1998):[4]

The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. *In that situation the basic fact may constitute prima facie evidence of the elemental fact.* When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. *Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.*

*Id.,* at 1216 (quoting *County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (emphasis added) (citations omitted)).

¶ 24 In *Commonwealth v. Kelly,* 555 Pa. 382, 724 A.2d 909 (1999), the Supreme Court explained the difference between a mandatory presumption and a permissive inference:

A mandatory presumption instructs the jury that it must infer the presumed fact if the state proves certain predicate facts. On the other hand, a permissive inference suggests to the jury a *possible* conclusion to be drawn if the state proves predicate facts, but does not *require* the jury to draw that conclusion.

*Id.,* at 911.

¶ 25 Subsection (a.1) does not *require* the jury to conclude a defendant's BAC

---

4. Subsection (a.1) was not in effect at the time of the arrest in *Allbeck.* However, *Yarger* was applicable; this Court interpreted *Yarger* as holding "evidence of...a significant deviation alone constituted a prima facie case and exempted the Commonwealth from presenting expert relation back testimony...." *Allbeck,* at 1216. We further stated, "[a]ny

doubt regarding what constitutes a prima facie case under Section 3731 has been removed by 75 Pa.C.S. § 3731a.1, which states that the Commonwealth establishes a prima facie case under Section 3731(a)(4) once it produces evidence that the defendant's BAC was greater than 0.10%." *Id.,* at 1216 n. 3.

was above the legal limit; rather, it permits this issue to go to the jury without expert relation-back evidence. The jury is free to consider any pertinent evidence, including any evidence presented by the defendant. The statute does not relieve the Commonwealth of having to prove this element of the offense, and the burden of proof is not shifted to the defendant; the statute simply obviates the necessity of relation-back evidence under certain circumstances and relieves the Commonwealth from producing evidence necessary for extrapolation, which evidence is in the control of the defendant.

¶ 26 As the dissent in *Jarman* noted, a defendant cannot be compelled to reveal incriminating facts; the Commonwealth can never compel an accused to disclose the time and amount of consumption, or when he ceased consumption, vital facts for meaningful extrapolation. Unless a defendant waives his constitutional rights and gives a detailed statement disclosing these facts, BAC extrapolation by a Commonwealth expert is going to be imprecise. Conversely, if a defendant believes his BAC was below .10% at the time of driving, he is in a superior position to provide an expert with a sufficient factual basis to refute contrary evidence with specificity.

■ ¶ 27 Thus, unlike the unconstitutional Subsection (a)(5), Subsection (a.1) does not preclude the admission of "competent evidence that an accused's BAC was actually below the legal limit *at the time of driving.*" *Barud*, at 167. Moreover, because the accused is permitted to present such evidence, (a.1) does not create the prospect of conviction for innocent conduct. Nor does the statute encourage arbitrary enforcement; rather, it provides a uniform standard. If an accused's BAC is at or above .10% within three hours of driving, the BAC at the time of driving is presumed to have been so as well. This presumption is based upon scientifically established facts concerning the rate of alcohol absorption after ingestion. *See Speights*, at 1266.

¶ 28 Subsection (a.1) codifies the Supreme Court's well reasoned holding in *Yarger*; indeed, it imposes a more stringent "three-hour" requirement upon BAC test results before such results can be *prima facie* evidence of an (a)(4) violation. Unlike former Subsection (a)(5), Subsection (a.1) does not *mandate* a finding of guilt for a BAC of .10% within three hours after arrest; it merely permits the jury to consider this evidence along with any evidence the defense wishes to present. Accordingly, Subsection (a.1) is not unconstitutional.

■ ¶ 29 We turn to the specifics of appellant's case. The trial court instructed the jury as follows:

> [T]here is a statute enacted by our legislature that provides that it is prima facie evidence that an adult [is] at a .10 percent or more by weight of alcohol in his or her blood while at the time of driving, operating or being in actual physical control of the movement of the vehicle, if the amount of the alcohol by weight in the blood of the person is equal to or greater than .10 percent at the time the chemical test is performed on a sample of the person's breath, blood or urine, so long as the test is done within three hours of operating the motor vehicle. Now, the effect of that legislation is that you may consider this evidence in this case. ... That test result, if found by you to be accurate, permits you to infer from that that the defendant had a blood alcohol of .10 or above at the time he operated the motor vehicle. However, that is simply a mechanism to permit you to infer it. You may not infer it unless you consider all the other evidence in the case and are satisfied beyond a reasonable doubt that the defendant had a blood alcohol of .10 or greater at the time he operated the motor vehicle. I'm simply telling you that this is some evidence, it does not mandate such a finding....

N.T., 11/17/97, at 159–61.

¶ 30 The Commonwealth submitted evidence that appellant's BAC, thirty-four

minutes after arrest, was .14%. Appellant presented no expert testimony to rebut the presumption his BAC was .10% or above at the time of driving; the medical technologist's statement and inadmissible opinion do not save him. The jury charge was consistent with the Supreme Court's pronouncement and the use of the inference created by Subsection (a.1). The evidence presented was legally sufficient to sustain appellant's conviction under Subsection (a)(4).

¶ 31 Judgment of sentence affirmed.