COMMONWEALTH of Pennsylvania,
Appellee,

v.

Christopher Lee GRETH, Appellant.

Superior Court of Pennsylvania.

Submitted June 22, 2000.

Filed Aug. 17, 2000.

Lawrence J. Hracho, Reading, for appellant.

Kelly S. Fox, Asst. Dist. Atty., Reading, for the Com., appellee.

Before CAVANAUGH, DEL SOLE and TAMILIA, JJ.

CAVANAUGH, J.:

¶ 1 Appellant–Greth challenges the sufficiency of the evidence to sustain his conviction of driving while the amount of alcohol by weight in his blood (BAC) was .10% or greater, 75 Pa.C.S.A. § 3731(a)(4). He argues that the Commonwealth failed to present sufficient evidence when it did not present expert testimony to refute defense expert testimony that his BAC was under .10% at the time he was operating his vehicle. Upon review, we affirm.

¶ 2 The facts of record establish that on January 23, 2000, Greth was operating his vehicle in Lower Heidelberg Township, Berks County, when he was stopped at 1:53 a.m. by Sergeant Peter Mozurkevich. The officer had observed that the light over the license plate on Greth's vehicle was not working. He asked Greth to perform two field sobriety tests, which in the Sergeant's opinion, Greth did not execute well. Greth consented to a blood test; it was completed at 2:56 a.m. The parties stipulated that the result of the test was BAC of .135%, with a plus or minus 10% margin of error.

¶ 3 According to Greth's testimony, at 11:30 p.m. on January 22, 2000, he stopped at a tavern to meet friends and to hear another friend's band. He had a cheesesteak and between 11:30 p.m. and 12:45 a.m. consumed three mugs of draft beer and a mixed drink of vodka and cranberry juice. After leaving the tavern, Greth drove to a friend's apartment, and between 1:00 and 1:30 a.m. he had two twelve-ounce bottles of beer.

¶ 4 Greth was tried by a jury and found guilty of driving while BAC was .10% or greater, 75 Pa.C.S.A. § 3731(a)(4), and found not guilty of driving under the influence to a degree which renders him incapable of safe driving, 75 Pa.C.S.A. § 3731(a)(1).[1] The court sentenced him to a mandatory minimum term of imprisonment of 30 days and to a maximum of 23 months. Sentence was stayed pending this appeal.

¶ 5 The sole question presented on appeal is a challenge to the sufficiency of the evidence where the defense proffered expert extrapolation testimony and the Commonwealth did not present expert testimony in rebuttal. Brief for Appellant at 8.

¶ 6 The relevant statutory provisions are the following:

§ 3731. Driving under influence of alcohol or controlled substance

(a) Offense defined—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(4) while the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater

(a.1) Prima facie evidence-

(1) It is prima facie evidence that:

(i) an adult had 0.10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than 0.10% at the time a chemical test is performed on a sample of the person' s breath, blood or urine;

(2) For purposes of this section, the chemical test of the sample of the person's breath, blood or

---

1. The court also found Greth guilty of the summary offense of failing to adhere to general lighting requirements, 75 Pa.C.S.A. § 4303(B).

urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.

¶ 7 Evidence is deemed sufficient to support the verdict where it establishes each material element of the crime charged and the commission thereof by the accused beyond a reasonable doubt. *Com. v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). On review, the evidence is considered in the light most favorable to the Commonwealth as verdict winner with all reasonable inferences to be drawn from the evidence to the benefit of the prosecution. *Id.*

¶ 8 Our disposition is controlled by the recent *en banc* decision of this court in *Com. v. Murray*, 749 A.2d 513 (Pa.Super.2000) (*en banc*). In *Murray*, this court determined that § 3731(a.1) is a permissive evidentiary inference that is not violative of the constitutional prohibitions against vagueness and overbreadth. In upholding § 3731(a.1), the court stated that the issue of blood/alcohol content at the time of driving may go to the jury without relation back evidence. "The jury is free to consider any pertinent evidence including any evidence presented by the defendant," *Id.* at 521. The subsection permits the jury to consider the *prima facie* evidence along with any evidence the defense wishes to present. *Id.*

¶ 9 The clear import of this language is that the effect of the *prima facie* evidence is that a case will proceed to the jury whether or not expert testimony is presented as part of the defense case.

There is no burden on the Commonwealth to proffer rebuttal expert testimony in order for the case to be submitted to the jury. *See Com. v. Loeper*, 541 Pa. 393, 663 A.2d 669, 674 n. 7 (1995) (once an accused presents expert testimony to rebut the *prima facie* evidence, the Commonwealth may either present its own expert or cross-examine the expert for the accused). As stated in *Murray*, it is the function of the jury to weigh any defense evidence against the Commonwealth's *prima facie* evidence in reaching a verdict. *Accord Com. v. Yager*, 538 Pa. 329, 648 A.2d 529, 531 (1994) ("If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth *may present* its own expert to refute this testimony.") (Emphasis supplied). We hold that the Commonwealth enjoys the benefit of its *prima facie* evidence whether or not the defense presents expert testimony.

10 Since the evidence establishes that Greth's BAC was .135% within three hours after he drove his vehicle, the Commonwealth presented sufficient evidence to establish guilt of § 3731(a)(4).

¶ 11 Judgment of sentence affirmed.