**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank T. FREIDL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 30, 2003.
Filed Oct. 10, 2003.

Christopher M. Shipman, Easton, for appellant.

James B. Martin, Asst. Dist. Atty., Allentown, for Com., appellee.

BEFORE: FORD ELLIOTT, GRACI, and POPOVICH, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, Frank T. Freidl, Jr. ("Freidl"), appeals from a judgment of sentence entered October 30, 2002, in the Court of Common Pleas of Lehigh County. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 The facts of record establish that on July 15, 2001, at approximately 1:23 a.m., Freidl was operating his vehicle in the city

of Allentown when he was stopped by Officer Michael Kenderski at a DUI checkpoint. Freidl admitted to the officer that he had consumed two beers that evening. Field sobriety tests were conducted and Freidl was placed under arrest before being transported to a DUI processing center, where he submitted to a blood test. The test, administered at 1:42 a.m., indicated a blood alcohol content ("BAC") of 116 milligrams per deciliter, or .116%. Freidl was charged by Information with violating 75 Pa.C.S.A. § 3731(a)(1) (driving while under the influence and incapable of safe driving) and § 3731(a)(4)(i) (driving with a BAC of .10% or greater).

¶ 3 In a motion *in limine* filed August 5, 2002, the Commonwealth notified the trial court of its intent to proceed only on count two of the information charging Freidl under § 3731(a)(4)(i). In light of its withdrawal of the § 3731(a)(1) charge, the Commonwealth requested the court to preclude Freidl from offering any evidence related to the impairment of his driving ability, including, but not limited to, a videotaped recording of Freidl's field sobriety tests.

¶ 4 Freidl proceeded to a bench trial on August 12, 2002. As a preliminary matter, the trial court granted the Commonwealth's motion *in limine* and dismissed count one of the information. Testifying for the Commonwealth were Officer Kenderski and Joanne Sell, the technician responsible for testing Freidl's blood sample. Freidl testified on his own behalf and, in addition, offered the testimony of Dr. Isidore Mihalakis, who the parties stipulated was an expert in the field of forensic toxicology. The trial court found Freidl guilty of driving under the influence of alcohol, 75 Pa.C.S.A. § 3731(a)(4), and sentenced him to a term of imprisonment of thirty days to eighteen months, with immediate work release granted. Freidl now appeals directly from his judgment of sentence.

¶ 5 In his statement of questions presented, Freidl identifies the following issues for our consideration:

I. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION, THEREBY COMMITTING REVERSIBLE ERROR, BY GRANTING THE COMMONWEALTH'S MOTION TO PRECLUDE [FREIDL] FROM INTRODUCING VIDEOTAPE EVIDENCE DEPICTING [FRIEDL] PERFORMING FIELD SOBRIETY TESTS AFTER HIS ARREST WHERE THE COMMONWEALTH PROCEEDED AT TRIAL ON 75 Pa.C.S.A. § 3731(a)(4), WHICH PERTAINS TO DRIVING UNDER THE INFLUENCE OF ALCOHOL WHILE THE AMOUNT OF ALCOHOL BY WEIGHT IN THE DEFENDANT'S BLOOD WAS 0.10% OR GREATER.

. . .

II. WHETHER THE TRIAL COURT IMPERMISSIBLY SHIFTED THE BURDEN OF PROOF IN THE COMMONWEALTH'S PROSECUTION TO THE DEFENDANT TO PROVE THAT HIS BLOOD ALCOHOL LEVEL WAS NOT IN EXCESS OF THE LEGAL LIMIT WHERE THE TRIAL COURT RELIED UPON A PERMISSIVE INFERENCE AS TO THE DEFENDANT'S BLOOD ALCOHOL CONCENTRATION WHERE THERE WAS EXPERT TESTIMONY PRESENTED BY [FREIDL] THAT HIS BLOOD ALCOHOL LEVEL COULD NOT BE RELIABLY AS-

CERTAINED TO BE IN EXCESS OF THE LEGAL LIMIT.

. . .

Brief of the Appellant, at 6.

## II. DISCUSSION

¶ 6 In his first issue, Freidl argues that the trial court erred in granting the Commonwealth's motion *in limine,* thereby precluding Freidl from introducing into evidence a videotaped recording of his field sobriety tests. Freidl concedes that the Commonwealth, by electing to proceed only under 75 Pa.C.S.A. § 3731(a)(4), was barred from presenting evidence related to impairment of his driving ability ("impairment evidence"). Freidl argues, however, that this evidentiary bar does not, and should not, apply to the defendant in a DUI case. We disagree.

¶ 7 "A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." *Commonwealth v. Johnson,* 399 Pa.Super. 266, 582 A.2d 336, 337 (1990), *affirmed,* 534 Pa. 51, 626 A.2d 514 (1993) (citation omitted). Our Court reviews the grant of such a motion "by applying the scope of review appropriate to the particular evidentiary matter at issue." *Id.* (citation omitted).

¶ 8 Here, the trial court, in granting the Commonwealth's motion *in limine,* relied upon this Court's decision in *Commonwealth v. Kemble,* 413 Pa.Super. 521, 605 A.2d 1240 (1992), *appeal denied,* 532 Pa. 651, 615 A.2d 340 (1992). In *Kemble,* as in the case *sub judice,* appellant was originally charged with both 75 Pa.C.S.A. § 3731(a)(1) and § 3731(a)(4), however the former charge was dismissed prior to trial. On appeal, Kemble argued that the trial court erred in admitting evidence regarding her alleged impaired ability to operate her automobile. The *Kemble* court began its analysis with a discussion of its standard of review and the evidentiary concept of relevance, all of which are applicable in the instant case:

Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. Though 'relevance' has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact.

*Kemble,* 605 A.2d at 1241–42 (quoting *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. 101, 586 A.2d 416, 428 (1991)). The Court then compared the two statutory provisions, noting that whereas § 3731(a)(1) requires proof that a defendant was, in fact, incapable of safe driving, § 3731(a)(4) "simply creates a presumption that a person is unfit to drive if the Commonwealth demonstrates, via, *inter alia,* an intoxilyzer test, that her blood alcohol level was .10% or greater." *Id.* (footnote omitted). Therefore, the Court reasoned,

[i]f an (a)(4) charge was, as in the instant case, unaccompanied by an (a)(1) charge, then the only relevant evidence that would prove the fact that a defendant violated § 3731(a)(4) would relate to the existence of an intoxilyzer test, the results of the test, the reliability of the intoxilyzer machine, the qualifications of the person who administered the test, the procedures utilized in conduct-

ing the test and the methods employed in arriving at the test results.

*Id.* (footnote omitted). Relevant impairment evidence, the *Kemble* court noted, would be admissible in a § 3731(a)(1) prosecution, or in a prosecution that involves §§ 3731(a)(1) *and* (a)(4). *Id.*

However, a § 3731(a)(4) charge, when unaccompanied by a § 3731(a)(1) charge, involves a narrowly focused inquiry that is solely concerned with a determination of whether a defendant had a .10% or greater blood alcohol level at the time that she drove her automobile. During such an inquiry impairment evidence is not relevant since it does not logically or reasonably tend to prove or disprove that a defendant's blood alcohol level was .10% or greater at the time that she drove her automobile, it does not tend to make such a fact more or less probable and it does not afford a basis for or support a reasonable inference or presumption regarding whether a defendant's blood alcohol level was .10% or greater.

*Id.* at 1242–43 (footnote omitted) (citation omitted). This Court concluded that the impairment evidence offered against Kemble was not relevant and that the trial court had improperly admitted that evidence. *Id. See also Commonwealth v. Loeper,* 541 Pa. 393, 663 A.2d 669, 673 (1995) (agreeing with *Kemble* decision and holding that "given the framework of Section 3731, evidence beyond that provided by a scientific BAC testing is not relevant to a determination of whether an accused violated subsection (a)(4).").

■ ¶ 9 Instantly, Freidl's contention that he, as the defendant, is entitled to introduce impairment evidence to defend a § 3731(a)(4) charge is unavailing. While it may be true that *Kemble* (and *Loeper* ) bar the Commonwealth from using impairment evidence, those decisions were in no way

limited to prosecutors of § 3731(a)(4) cases. In fact, the express language of *Kemble* suggests otherwise: "During [a § 3731(a)(4) ] inquiry impairment evidence is not relevant since it does not logically or reasonably tend to prove **or disprove** that a defendant's blood alcohol level was .10% or greater at the time that she drove her automobile, [and] it does not tend to make such a fact more **or less** probable...." *Kemble,* 605 A.2d at 1243 (emphasis added) (footnote omitted). *Kemble's* broad proscription on impairment evidence was, in our view, intended to apply to either party in a § 3731(a)(4) case.

¶ 10 Section 1547(f) of the Vehicle Code on which Freidl places substantial reliance does not yield a contrary result. That section provides:

Subsections (a) through (i) [of section 1547] shall not be construed as limiting the introduction of any other competent evidence *bearing upon the question whether or not the defendant was under the influence of alcohol.*

75 Pa.C.S.A. § 1547(f) (emphasis added). This provision allows for the introduction of all competent evidence on the question of whether or not a defendant was under the influence of alcohol. Section 3731(a)(4), under which Freidl was prosecuted, does not proscribe driving while under the influence of alcohol. Driving "while under the influence of alcohol" is proscribed by § 3731(a)(1). That language is noticeably absent from the conduct proscribed by § 3731(a)(4). We recognized this difference in the elements of these two offenses in *Kemble,* stating that they "are not identical." *Kemble,* 605 A.2d at 1242. This difference in elements resulted in our decision in *Kemble* and demonstrates the inapplicability of § 1547(f) to this case. There was no question in this case concerning whether or not Freidl was under the influence of alcohol. Introducing any

evidence on that question would have been improper because it could not be relevant to any issue in the case.

¶ 11 Moreover, this Court's rationale in *Kemble* is equally applicable to Freidl's case. Since Freidl was charged only with driving while his BAC was .10% or greater, the only evidence relevant to that charge would be related to the blood alcohol test itself, such as the procedures utilized in conducting the test, the methods employed in arriving at the results, and the qualifications of the person who administered the test. As the trial court pointed out to Freidl's counsel at trial,

> whether somebody was driving erratically or not would not seem to go to the science of showing that at the time the person was driving their blood alcohol was less than .10. . . .
>
> I don't see how I could reach that conclusion because we all know practically that some people who are under the influence drive perfectly; some people under the influence of alcohol weave all over the road. There are so many variables on that issue that I understand what *Kemble* is saying and why nothing that you can present concerning driving at least would be particularly relevant or convincing.

N.T. Nonjury Trial, 8/12/02, at 15–16.

¶ 12 We agree with the trial court that the impairment evidence Freidl sought to introduce was irrelevant and inadmissible. Therefore, the trial court committed no abuse of discretion in granting the Commonwealth's motion *in limine* to preclude such evidence.

¶ 13 Freidl next argues that the trial court impermissibly shifted the burden of proof to him to prove that his BAC was not in excess of the legal limit at the time he operated his vehicle. In support of his contention, Freidl claims that the trial court treated the permissive inference afforded to the Commonwealth by 75 Pa. C.S.A. § 3731(a.1) as a conclusive or mandatory presumption of guilt. Freidl's claim is without merit.

¶ 14 Section 3731(a.1) provides, in pertinent part, as follows:

**(a.1) Prima facie evidence.—**

(1) It is prima facie evidence that:

(I) an adult had 0.10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than 0.10% at the time a chemical test is performed on a sample of the person's breath, blood or urine;

. . .

(2) For the purposes of this section, the chemical test of the sample of the person's breath, blood or urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.

75 Pa.C.S.A. § 3731(a.1).

¶ 15 In *Commonwealth v. MacPherson*, 561 Pa. 571, 752 A.2d 384 (2000), our Supreme Court addressed the constitutionality of § 3731(a.1) and, specifically, whether that subsection creates a permissible inference or a mandatory presumption of a defendant's guilt under § 3731(a)(4). The Court concluded as follows:

> In light of the language of § 3731(a.1), the DUI statutory scheme and *DiFrancesco's* teaching,[1] we conclude that

---

1. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974) (finding statutory pre-

§ 3731(a.1) creates a permissible inference. By its terms, § 3731(a.1) does no more than allow the Commonwealth to establish its case in a § 3731(a)(4) prosecution. Section 3731(a.1) does not shift the burden of proof or the burden of production from the Commonwealth to the defendant. The defendant may introduce competent evidence to rebut the inference and overcome the Commonwealth's *prima facie* case. Even in the absence of such evidence, however, the factfinder is not required to find that the defendant had a BAC of .10% or more while he drove. Based upon its independent evaluation of the evidence presented, the factfinder in a § 3731(a)(4) prosecution is always free to ignore the inference allowed by § 3731(a.1).

*MacPherson,* 752 A.2d at 392–393.

¶ 16 Two months prior to the Supreme Court's decision in *MacPherson,* this Court also considered the constitutionality of § 3731(a.1), in *Commonwealth v. Murray,* 749 A.2d 513 (Pa.Super.2000) (en banc). Upholding the provision, we held that "[s]ubsection (a.1) does not impose absolute liability, but rather creates a common sense permissive evidentiary inference based upon the BAC, if the testing occurred within three hours of driving." *Id.* at 520. Our discussion of the use of permissive evidentiary inferences is particularly relevant to the instant case:

The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. In that situation the basic fact may constitute *prima facie* evidence of the elemental fact. When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

*Id.* (quoting *Commonwealth v. Allbeck,* 715 A.2d 1213, 1216 (Pa.Super.1998)).

¶ 17 Turning once again to the case at bar, it is undisputed that Freidl was stopped at 1:23 a.m. and immediately transported to a DUI processing center. A blood test administered nineteen minutes after Freidl's arrest, at 1:42 a.m., revealed a BAC of .11%. Under *Murray* this constituted a basic fact, proven by the Commonwealth. Pursuant to § 3731(a.1), *MacPherson,* and *Murray,* the trial court was permitted, but not required, to infer that the Commonwealth, by proving the basic fact, had established its *prima facie* case under § 3731(a)(4). Because the trial court was free to credit or reject this permissive inference the burden of proof was not shifted to Freidl. His argument to the contrary is without merit.

 ¶ 18 Freidl was, of course, free to introduce competent evidence to rebut the inference and overcome the Commonwealth's *prima facie* case. This he attempted to do through the testimony of Dr. Mihalakis, an expert in the field of

sumption of a motorist's intoxicated state where his BAC is .10% or more is not viola-

tive of due process).

relation-back of blood alcohol testing.[2] Dr. Mihalakis' expert opinion on the ultimate issue in this case was, however, far from conclusive, as the following excerpt of his direct testimony reveals:

> Q Now, Doctor, based on the facts, history, the calculations that you have performed, as well as the numbers that have been filled in here, did you arrive at any opinion within a reasonable degree of medical or scientific certainty as to Mr. Freidl's blood alcohol content at the time of his arrest at 1:23 a.m.?
>
> A Yes, I—Based on my calculations which were somewhere between .098 and .102 which are, you know, marginal.

N.T. Nonjury Trial, 8/12/02, at 72–73. In light of the indefiniteness of Dr. Mihalakis' opinion, it is not surprising that the trial court, as factfinder, chose to discount his testimony. That determination was, as in any other case, solely within the purview of the trial court. *See, e.g., Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa.Super.2000) ("[T]he trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented.") (citation omitted). Based upon its evaluation of the evidence, the trial court chose to credit the permissive inference allowed by § 3731(a.1) and, therefore, committed no error of law in convicting Freidl under § 3731(a)(4).

### III. CONCLUSION

¶ 19 The trial court did not err or abuse its discretion in granting the Commonwealth's motion *in limine* to preclude Freidl from introducing videotaped recordings of his field sobriety tests. Such evidence was irrelevant and therefore inadmissible. We also find that the trial court did not shift the burden of proof to Freidl by relying upon a statutorily permitted inference as to Freidl's BAC at the time he drove his vehicle. Having rejected both of Freidl's claims on appeal, we affirm the judgment of sentence.

¶ 20 Judgment of sentence affirmed.

---

2. "Relating back refers to a scientific method by which a person's BAC at the time of driving is extrapolated from the results of chemical testing done at a later time. [*Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229, 1231 (1992)]. In prosecutions under the DUI statute, relating back is the subject of expert testimony. *See id.* Typically, an expert proffering extrapolation evidence will apply several factors to the defendant's blood alcohol results and arrive at an opinion as to the defendant's BAC at the time he or she was driving. These factors include, but are not limited to, the rate of alcohol absorption and evaporation, the lapse of time between the testing and operation of the vehicle, and the lapse of time between the defendant's last drink and driving. *Commonwealth v. Montini*, 712 A.2d 761, 764 n. 1 (Pa.Super.1998)." *Commonwealth v. MacPherson*, 561 Pa. 571, 752 A.2d 384, 387 n. 3 (2000).