J-A05002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMIKA NEAL, | |
| Appellant | No. 612 EDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010824-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:        **FILED APRIL 06, 2015**

For the following reasons, I am compelled to register my dissent to the disposition reached by the learned Majority.  Indeed, there is no question that the admission and exclusion of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.  ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003).  The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant.  ***Id***.  Though relevance has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or

supports a reasonable inference or presumption regarding the existence of a material fact.  *Id*.

Furthermore, a police officer who has perceived a defendant's appearance and acts is competent to express an opinion as to the defendant's state of intoxication and ability to safely drive a vehicle. ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2000).  In addition, we have long held that performance of field sobriety tests is admissible where the performance is reflective of ordinary signs of intoxication discernable to a lay person.  ***Commonwealth v. Ragan***, 652 A.2d 925, 928 (Pa. Super. 1995).  Tests that allow an ordinary observer to form an opinion as to whether an individual is intoxicated based upon that individual's coordination and concentration as demonstrated by his or her acts and speech are admissible.  ***Commonwealth v. Drake***, 681 A.2d 1357, 1359 (Pa. Super. 1996).

My review of the certified record reflects that Appellant proceeded to a non-jury trial held on December 4, 2013.  The only testimony presented by the Commonwealth was that of Police Officer Daniel Kennard of the Philadelphia Police Department.  Officer Kennard testified that at approximately 3:00 a.m. on February 26, 2012, he observed Appellant's vehicle disregard a red traffic signal.  N.T., 12/4/13, at 6, 9.  Officer Kennard explained that he pulled Appellant over for the moving vehicle violation, and when he came into contact with Appellant he smelled alcohol and noticed

that she had slurred speech and bloodshot eyes. *Id*. at 10. Officer Kennard testified that it was his opinion that Appellant could not operate a motor vehicle safely based upon her condition. *Id*. at 12. The officer then stated that based upon his observations he took Appellant into custody. *Id*. at 14.

My review of the certified record further reflects that during cross-examination Officer Kennard admitted that he has no training in DUIs. *Id*. at 17. Later, when defense counsel asked Officer Kennard why the officer did not give Appellant a field sobriety test the Commonwealth objected to the question, and the trial court sustained the objection. *Id*. at 21. During the subsequent sidebar, the trial court stated, "He's not qualified to give that. I can draw the inference, but he's not qualified for that." *Id*.

Although the trial court stated it could "draw the inference," in my view, the reason for the lack of a field sobriety test could reasonably tend to disprove a material fact in issue, *i.e.*, whether Appellant was incapable of safely driving her vehicle. Therefore, because such evidence could be dispositive of whether Appellant was incapable of safely driving, I believe the trial court should have permitted Appellant's counsel to question Officer Kennard regarding the lack of any field sobriety tests. Accordingly, I am left to conclude that the trial court abused its discretion in excluding the evidence and respectfully register my dissent.