J-S01039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN R. KARSTETTER | : | |
| | : | |
| Appellant | : | No. 909 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 18, 2023
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000592-2021

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: SEPTEMBER 24, 2024**

Appellant, Steven R. Karstetter, appeals from the judgment of sentence entered following his convictions of multiple crimes that stemmed from a November 5, 2021, altercation with members of the Lewistown Police on his front porch. Upon careful review, we affirm in part, vacate in part and remand.

The incident surrounding Appellant's convictions commenced from the custody exchange of a minor child pursuant to a custody order. Custody had been awarded to the child's paternal grandmother. Appellant was the boyfriend of the child's maternal grandmother. The trial court summarized the facts of the incident as follows:

> According to the witnesses for the Commonwealth, on the date in question, [Paternal Grandmother] had agreed to bring the child to [Maternal Grandmother's] residence for a visit. This was

---

[*] Retired Senior Judge assigned to the Superior Court.

with the understanding that [Paternal Grandmother] would remain during the visit. Upon arriving, [Paternal Grandmother] was met by [Appellant] who told [Paternal Grandmother] that she must leave without the child and that she would not be getting her grandson back. [Paternal Grandmother] then contacted the Lewistown Police Department and was initially advised that the department would not enforce the custody order. [Paternal Grandmother] was also advised that she could contact the department later to see if another officer would assist. Eventually, Lewistown Police Officer [Matthew] Lynch agreed to intercede and went to [Maternal Grandmother's] residence. There he was met by [Appellant] who had stepped outside the front door and closed it behind him. [Appellant], acknowledging the existence of the court order, indicated that [Paternal Grandmother] should file a contempt petition and that, in the meantime, he had no intention of returning the child. [Appellant] then attempted to enter the residence but was prevented from doing so by Officer Lynch. Officer Lynch then informed [Appellant] that he was under arrest for interfering with the custody of a child and detained [Appellant] who was attempting [to] reenter the residence. Officer [Bruce] Mann arrived on the scene and, thereafter, a substantial struggle ensued between [Appellant] and the police officers. The struggle involved, among other things, an attempt by the police to employ a taser gun without any effect except that the defendant grabbed the gun and attempted to take it away from the Officer Lynch.

Trial Court Opinion, 8/25/23, at 1-2.

In a criminal information filed on December 30, 2021, Appellant was charged with interference with custody of children, 18 Pa.C.S. § 2904(a); disarming law enforcement officer without lawful authorization, 18 Pa.C.S. § 5104.1(a)(1); flight to avoid apprehension/trial/punishment, 18 Pa.C.S. § 5126(a); resisting arrest, 18 Pa.C.S. § 5104; and disorderly conduct/unreasonable noise, 18 Pa.C.S. § 5503(a)(2). On November 7, 2022, the day of trial, Appellant filed a motion to suppress his arrest and evidence obtained in this case. *See* Motion to Suppress, 11/7/22, at 3 (unnumbered).

The trial court held a hearing, denied the motion, and commenced trial. **See** N.T., 11/7/22, at 3-10.

At the conclusion of trial, the jury convicted Appellant of all charges except the crime of interference with custody of children. On January 12, 2023, the court sentenced Appellant to serve an aggregate term of incarceration of four to eight years. However, near the completion of the sentencing hearing, Appellant became disruptive and was removed from the courtroom in cuffs. Subsequently, on January 18, 2023, the sentencing court reconvened, and Appellant was apprised of his post-sentence and appellate rights.

Appellant filed a timely post-sentence motion on January 30, 2023, and the trial court held a hearing on April 27, 2023. On June 1, 2023, the Clerk of Courts of Mifflin County entered an order denying the post-sentence motion by operation of law. This timely appeal was filed on June 26, 2023. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant now presents issues challenging (1) whether the trial court properly denied his motion to suppress, and (2) whether there was sufficient evidence to support his conviction of flight to avoid apprehension, trial, or punishment. **See** Appellant's Brief at 7-8.

Appellant first argues that the trial court improperly denied his motion to suppress. **See** Appellant's Brief at 18-22. Further, Appellant posits that "the Suppression Motion argues that there was an illegal seizure of Appellant,

- 3 -

it is Appellant's position that all evidence obtained as a result of that unlawful seizure, which includes the interaction between Appellant and the officer, must be suppressed as fruit of the poisonous tree. Due to the Commonwealth's failure to carry its burden, the only conclusion is that Appellant was unlawfully seized, and the question is what conduct thereafter should be suppressed …."
*Id*. at 20.

Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *See Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003). Moreover, we note that our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. *See In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa. Super. 2006). Also, Pa.R.Crim.P. 581(H) provides that "The Commonwealth shall have the burden … of establishing that the challenged evidence was not obtained in violation of the defendant's rights."

Our review of Appellant's motion to suppress confirms the observation that Appellant has failed to specify what evidence he sought to have suppressed as a result of his allegedly illegal arrest. In his motion, Appellant asked the trial court to simply "suppress [his] arrest and evidence obtained in

this case." Motion to Suppress, 11/7/22, at 3 (unnumbered). This lack of specificity compelled the trial court to state, at the start of the hearing addressing the motion to suppress, "I need to know what evidence you want to be suppressed because that's what you called [the motion]." N.T., 11/7/22, at 3. When pressed by the trial court concerning what evidence was inadmissible, defense counsel gave a nonspecific reply of "[s]tatements … that [Appellant] made, actions that [Appellant] took while in custody or on the porch … ." **Id**. at 5. Subsequently, in its written opinion, the trial court observed that "[h]ere, however, there is no evidence which was seized as a result of the arrest, unlawful or otherwise. Therefore, we are at a loss to know what it is that [Appellant] seeks to 'suppress.'" Trial Court Opinion, 8/25/23, at 3.

Upon review, we do not discern an abuse of discretion by the trial court in reaching its conclusion to deny the motion to suppress.[1] Rather, we agree

---

[1] To the extent Appellant argues that the Commonwealth failed to present evidence at the time of the suppression hearing, which was held immediately before the start of trial, we observe that the District Attorney, Christopher R. Torquato, Esq, stated:

> "We would be glad to put Officer Lynch on the stand, he would – and I would submit the testimony you would hear is that he responded. He advised [Appellant that] he is going to be placed under arrest for interfering with custody of a child, which is a felony. He advised [Appellant] to comply with the arrest and things kind of went downhill from there. So our position is the arrest is legitimate because it's a felony and it's being committed in the presence of the officer."

*(Footnote Continued Next Page)*

with the trial court that Appellant's imprecise request to suppress does not merit relief.  Therefore, the trial court was within its sound discretion in making its determination.  Accordingly, this claim lacks merit.

Appellant next argues that the Commonwealth failed to establish beyond a reasonable doubt that he committed the crime of flight to avoid apprehension.  *See* Appellant's Brief at 22-25.  Appellant points out that his conduct in question, *i.e.*, stepping from the front porch into his residence, does not qualify under the statute because Appellant had not been charged with a crime.  We are constrained to agree.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt.  We may not weigh the evidence or substitute our judgment for that of the fact-finder.  Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence.  For

N.T., 11/7/22, at 8.  This submission by the Commonwealth, coupled with the affidavit of Officer Samuel Snyder of the Lewistown Police Department, which was appended to Appellant's motion to suppress, presents ample evidence to the trial court to have a full understanding of what transpired between the police and Appellant on the evening in question.

- 6 -

purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citations omitted).

Our Crimes Code defines the offense of flight to avoid apprehension as follows:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S. § 5126(a).

In *Commonwealth v. Phillips*, 129 A.3d 513 (Pa. Super. 2016), this Court determined that "the plain language of [section 5126(a)] requires that a person have been charged with a crime. This language is simply not ambiguous." *Id*. at 518. Therefore, our Court vacated the defendant's conviction of flight to avoid apprehension because the Commonwealth failed to prove that Phillips had been charged with a crime when he fled from law enforcement. Consequently, an element of flight to avoid apprehension is the requirement that an individual has already been charged or convicted of a crime.

In reviewing this issue, the trial court determined that it "agree[d] with [Appellant] that the evidence at the trial of this case was not sufficient to support a conviction for a violation of [flight to avoid apprehension]." Trial

Court Opinion, 8/25/23, at 3-4. The trial court aptly reasoned that "[Appellant] had not yet been charged with a crime when he attempted to reenter his residence. Thus, the evidence does not establish a violation of flight to avoid apprehension." *Id*. at 4. The trial court ultimately suggests that Appellant's conviction of this crime should "be set aside." *Id*. To its credit, the Commonwealth concedes the meritorious nature of Appellant's issue and notes that it "will not brief or oppose the [trial c]ourt's findings." Commonwealth's Brief at 8.

Upon review of the record before us, we conclude that the Commonwealth did not establish that Appellant had been charged with a crime when he attempted to enter his residence. Consequently, we agree with the trial court and the parties that Appellant's conviction for flight to avoid apprehension must be vacated. Accordingly, we vacate Appellant's judgment of sentence to the extent he was convicted of flight to avoid apprehension and discharge him solely on that count. Because our determination disrupts the sentencing court's overall sentencing scheme, Appellant must be resentenced.

Judgment of sentence vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/24/2024