J-A06020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE RICHARD NEILL | : | No. 445 WDA 2023 |

Appeal from the Order Entered March 20, 2023
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000487-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　　**FILED: April 30, 2024**

The Commonwealth brings this interlocutory appeal from the order denying, in part, its pretrial motion *in limine* seeking the admission of evidence of prior bad acts committed by Appellee, Dale Richard Neill. We affirm.

In an information filed on November 10, 2022, the Commonwealth charged Neill with four counts each of indecent assault of a person less than 13 years of age, indecent assault without consent, and indecent assault of a person less than 16 years of age, and two counts of corruption of minors.[1] The charges originate from conduct allegedly perpetrated by Neill upon a 12-year-old neighbor, A.E., in February 2022. The Commonwealth filed pretrial

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 3126(a)1, 3126(a)(8), and 6301(a)(1)(i) and (ii), respectively.

motions containing, among other things, a motion *in limine* requesting, pursuant to Pennsylvania Rule of Evidence 404(b), admission of prior bad acts evidence related to conduct committed by Neill in 2010 upon a former 12-year-old neighbor, M.C.

The trial court held a hearing and on March 20, 2023, and entered an order denying the request to admit evidence of Neill's prior bad acts. The Commonwealth filed this timely appeal presenting the single issue of "[w]hether the trial court erred in denying [its] Motion in Limine to admit testimony, evidence and [Neill's] prior convictions pursuant to Pa.R.E. 404(b)(2) concerning [Neill's] sexual abuse of prior victim, M.C."[2] Commonwealth's Brief at 3. The Commonwealth contends that the prior bad acts evidence is admissible because the present case shares similarities to the matter with M.C. ***See id***. The Commonwealth asserts that the evidence proves motive, intent, common scheme, and absence of mistake or accident.

Before we address the Commonwealth's claim that the trial court erred in denying its motion *in limine*, we must consider whether the issue has been waived. We observe that the fundamental tool for appellate review is the official record of the events that occurred in the trial court. ***See***

---

[2] The Commonwealth has certified, pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the trial court's order substantially handicaps the prosecution of this case. ***See*** Commonwealth's Brief at 1; Notice of Appeal, 4/3/23, at 1. Therefore, pursuant to Pa.R.A.P. 311(d), this Court has jurisdiction to hear this appeal from the trial court's interlocutory order, even though the order did not terminate the prosecution.

*Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006). The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. *See id*. Indeed, an appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008).

The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921. "We can only repeat the well-established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" *Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017) (citation omitted).

"This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." *Preston*, 904 A.2d at 7 (citation omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) *(en banc)* (citation omitted); *see also Preston*, 904 A.2d at 7 (reiterating that "the ultimate responsibility of ensuring that the

transmitted record is complete rests squarely upon the appellant and not upon the appellate courts").

Our review of the transcript of the motion *in liminie* hearing contained in the certified record reflects the Commonwealth produced multiple exhibits to support its request to admit prior bad acts evidence. **See** N.T., 3/17/23. Specifically, the Commonwealth introduced, as Exhibit 1, a 30-minute recording of the forensic interview conducted with A.E., the victim in this case, by Patricia Berger, a director and forensic interviewer for Western PA Cares for Kids. **See id.**, at 10-11, 39. The Commonwealth also introduced, as Exhibit 2, the recording of a 38-minute forensic interview conducted by Berger with M.C., the victim of the 2010 incident. **See id**. at 12, 39. In addition, the Commonwealth presented as Exhibit 5, a page of the Pennsylvania State Police report containing an interview with the mother of the victim in this matter. **See id**. at 22. According to the prosecutor, the purpose of the exhibit is "showing the similarities between the two incidents." **Id**. at 21. In Exhibit 6, the Commonwealth offered multiple pages from the State Police report pertaining to the 2010 incident, mostly related to witness interviews conducted in that matter. **See id**. at 22-27.

The record further reveals that, after hearing arguments from the parties, the trial court took a recess to watch both videos of the forensic interviews conducted by Berger. **See** N.T., 3/17/23, at 40. Thereafter, the trial court reconvened the hearing and rendered its decision on the record.

*See id*. at 40-43. Subsequently, in its Pa.R.A.P. 1925(a) opinion, the trial court addressed the reasoning for its determination and specifically stated that "[a]fter reviewing the evidence, including both forensic interviews, [it] concluded that the similarities between the conduct alleged in this case and the incident [from 2010] were not substantial enough to satisfy Rule 404(b)." Trial Court Opinion, 5/18/23, at 1.

However, upon review of the certified record before us, it is apparent that none of the Commonwealth's exhibits presented at the hearing were included in the certified record for transmittal to this Court. Importantly, neither of the recordings of the forensic interviews viewed by the trial court and relied upon in reaching its disposition were provided to us. Further, our review of the trial court's docket and the certified record index supports that finding. Therefore, the Commonwealth, as the appellant, failed to ensure that the complete record is before this Court for appellate review. Accordingly, because we cannot review the issue pertaining to whether the trial court properly denied the Commonwealth's motion *in limine* pertaining to Neill's prior bad acts without reference to the recordings and additional exhibits presented at the pretrial hearing, which were viewed and relied upon by the trial court, our review is hampered, and we are constrained to deem this issue to be waived on appeal.

Nevertheless, if we were to address the Commonwealth's argument, we would conclude that it lacks merit. A motion *in limine* is a procedure for

obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. *See Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003). The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. *See id*. A trial court should find evidence admissible if it is relevant, that is "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Williams*, 896 A.2d 523, 539 (Pa. 2006) (citation omitted).

It is well settled that "[t]he admission of evidence is within the sound discretion of the trial court and will be reversed on appeal only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Miles*, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citation omitted). Abuse of discretion requires a finding of misapplication of the law, a failure to apply the law, or judgment by the trial court that exhibits bias, ill-will, prejudice, partiality, or was manifestly unreasonable, as reflected by the record. *See Commonwealth v. Montalvo*, 986 A.2d 84, 94 (Pa. 2009).

Rule 404 "deals exclusively with the evidence of crimes, wrongs or acts which a party seeks to admit to prove something about an accused, a complainant or a witness." *Commonwealth v. Thompson*, 779 A.2d 1195, 1201 (Pa. Super. 2001). Such evidence may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken

the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007). However, this Court has reiterated that "[w]hile evidence of prior bad acts is not admissible to show criminal propensity, evidence of other crimes may be admissible if it is relevant to show some other legitimate purpose." ***Commonwealth v. Ivy***, 146 A.3d 241, 251 (Pa. Super. 2016) (citation omitted).

Our Supreme Court has discussed evidence of other bad acts and the related exceptions as follows:

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009).

Here, if we were to ignore the waiver caused by the Commonwealth and address its argument regarding admission of the prior bad acts evidence, we would conclude that the issue lacks merit and the trial court properly refused to admit the evidence. In rendering its decision at the conclusion of the pretrial hearing, the trial court reasoned as follows:

> I do think it's dis-similar enough I am going to deny the motion and not allow it to be presented in the case in chief because it involved as we start -- it ended up involving frontal touching, not just with the vagina but also a rub of the stomach was alleged during a time seated on [his] lap, squeezing, and lifting of the

buttocks which were not described and a longer relationship and closer relationship. I think there are sufficient differences, even though there are some similarities, age, the hugs, the statements are- the main similarities. But I don't think it's sufficiently similar to show a common scheme, plan, or design.

N.T., 3/17/23, at 41-42.

The trial court offered the following explanation to support its conclusion:

[A.E.] only reported incidents in which [Neill] rested his hands on her buttocks while hugging her, whereas [M.C.] described squeezing and lifting motions, as well. [M.C.] further described an incident wherein [Neill] rubbed her bare stomach, slid his hands down her pants, and stroked her pubic hair while she was sitting on his lap, whereas [A.E.] said that her buttocks were always covered and that [Neill's] hands never strayed underneath her clothing or toward her pubic area. In the [trial c]ourt's estimation, those differences made the [Rule] 404(b) [evidence] far too prejudicial, particularly because the Commonwealth intended to use it to establish the element of intent[.]

Trial Court Opinion, 5/18/24, at 1.

Our review of the record presently before us leads us to conclude that, regardless of the way we would have ruled upon this motion, we cannot find that the trial court clearly abused its discretion. The record reflects the parties do not dispute that the incident involving M.C. in 2010 began with Neill perpetrating random touching of the victim, which escalated to an incident wherein the victim sat on Neill's lap, and he rubbed her stomach, placed his hands inside the front of her pants and touched her pubic hair. Likewise, there is no dispute that the conduct allegedly perpetrated by Neill in this matter included him placing his arm around the victim's shoulder and letting his hand

- 8 -

drop and rest on her buttocks, which was followed by a comment about the victim's weight. However, based on these facts, the trial court found that, although there are some similarities, the two incidents are sufficiently dissimilar so as to preclude the admission of facts surrounding the 2010 incident under Rule 404(b). Accordingly, we discern no error on the part of the trial court in refusing to admit the prior bad acts evidence. Therefore, we would conclude that the Commonwealth has failed to establish that the trial court abused its discretion in denying its motion *in limine* seeking to present prior bad acts evidence.

Order affirmed.

President Judge Lazarus joins the memorandum.

Judge Beck files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/30/2024